**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**EDGAR LEE GUINTHER**                                                                 **PLAINTIFF**
**ADC #100017**

**v.**                            **Case No. 4:24-cv-00581 KGB-JJV**

**LINDSAY WALLACE, Secretary**
**Arkansas Division of Correction,** *et al.*                                      **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is the Partial Recommended Disposition ("Partial Recommendation") submitted to the Court by United States Magistrate Judge Joe J. Volpe (Dkt. No. 20). Plaintiff Edgar Lee Guinther objected to the Partial Recommendation (Dkt. No. 26). After careful consideration of the Partial Recommendation and objections, and after a *de novo* review of the record, the Court adopts the Partial Recommendation as this Court's findings of fact and conclusions of law in all respects. The Court writes to supplement the Partial Recommendation with respect to Guinther's Eighth Amendment and Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), claims and address Guinther's objections.

The Partial Recommendation explains that Guinther previously brought claims for violations of the First Amendment and Fourteenth Amendment Due Process Clause relating to the same set of facts he raises here (*Id*., at 3). Those claims were dismissed without prejudice at the screening stage. *Guinther v. Priofiri*, Case No. 2:23-cv-00822-BRW (E.D. Ark. Sep. 27, 2023) (*Guinther I*) (Dkt. Nos. 9; 10). After the claims were dismissed, Guinther twice moved to supplement the complaint (*Guinther I*, at Dkt. Nos. 13; 17). These supplements sought to correct typographical errors and made minor deviations to the complaint but did not contain any further

factual allegations (*Guinther I*, at Dkt. Nos. 13; 17).  Judge Wilson who presided over the case denied leave to supplement (*Guinther I*, at Dkt. Nos. 14; 20).

Guinther objects to the Partial Recommendation's determination that the dismissal without prejudice acts to bar these claims under *res judicata*.  Guinther is correct that the typical application of *res judicata* does not apply to dismissals without prejudice because a dismissal without prejudice is not a final determination on the merits.  *See Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020).  However, the issue of *res judicata* addressed in the Partial Recommendation is about "res judicata effect" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  For PLRA *in forma pauperis* ("IFP") purposes, the claim is barred, even though the claim is not barred by traditional *res judicata* principles.  That is *res judicata* does not prohibit Guinther from bringing this claim again because it was not adjudicated on the merits.  However, if Guinther wishes to bring his claim, he must pay the filing fee in full and not seek the benefit of PLRA IFP status.  Accordingly, the Court adopts the Partial Recommendation as to Guinther's First Amendment and Due Process claims.

The Court concludes that the Partial Recommendation, should be, and hereby is, adopted in its entirety and as its own findings in all respects (Dkt. No. 20).  Therefore, the Court dismisses without prejudice Guinther's First Amendment, Fourteenth Amendment Due Process, Eighth Amendment, and ADA claims, consistent with the terms of the Partial Recommendation.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from this Order would not be taken in good faith.  At this stage, Guinther's remaining claim may proceed.

It is so ordered this 5th day of June, 2026.

Kristine G. Baker
Chief United States District Judge

2