**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**EDGAR LEE GUINTHER** **PLAINTIFF**
**ADC #100017**

**v.** **Case No. 4:24-cv-00581-KGB-JJV**

**LINDSAY WALLACE, Secretary**
**Arkansas Division of Correction, *et al.*** **DEFENDANTS**

# ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 80). Plaintiff Edgar Lee Guinther filed an objection to the Recommendation, a brief in support of the objection to the Recommendation, and a statement of facts regarding the objection to the Recommendation (collectively "Objections") (Dkt. Nos. 83; 84; 85). After careful consideration of the Recommendation and the Objections, and after a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, adopted as this Court's findings of fact and law as supplemented by this Order (Dkt. No. 80).

Also before the Court are Guinther's motion for leave to have this Court reconsider its ruling of Docket No. 87; motion for leave to strike out Docket No. 80 ante-date, to which Arkansas Division of Correction defendants Maurice Culclager, Brandeisjha Burnett, Tryaneka Sims, Jordan Slayden, William Straughn, and James Shipman (collectively "ADC Defendants") responded; and motion for leave to strike Docket No. 94 *in vacuo* (Dkt. Nos. 89; 90; 94; 95). The Court denies Guinther's motion for reconsideration and informs Guinther that, to the extent he seeks to bring First Amendment, Fourteenth Amendment Due Process, Eighth Amendment, and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, claims, he is to file a new suit and pay the filing fee

in full. The Court denies Guinther's motion to strike, considers those arguments the same as the timeliness arguments raised in Guinther's Objections, and overrules those arguments (Dkt. No. 90). The Court denies Guinther's motion for leave to strike Docket No. 94 *in vacuo* (Dkt. No. 95). Guinther's motion for leave to strike Docket No. 94 also relates to timeliness (Dkt. No. 95). While Guinther is correct that ADC Defendants' response errs in regard to relevant dates, the Court denies Guinther's motion for the reasons addressed in this Order.

## I. Background

Guinther identifies as a member of Yahweh's elect.[1] The key facts giving rise to Guinther's Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, claims relate to two seizures of property (Dkt. No. 80, at 3–4). First, in July 2022, defendant Brandeisjha Burnett and others seized 13 bags of excessive personal property that were not contained within Guinther's storage box (*Id.*, at 3). Those bags contained, among other things, legal documents and unspecified religious materials (*Id.*, at 4). Guinther could periodically swap out or obtain access to seized materials in storage (*Id.*). Guinther made multiple requests and grievances seeking access to materials in storage (*Id.*). The record before the Court shows that Guinther did not request the unspecified religious materials in storage (*Id.*).

The second event stems from a May 23, 2024, shakedown of Guinther's cell. During the shakedown, defendant Tyraneka Sims and others tore down Guinther's "Kingdom of God" sign (*Id.*). After that sign was removed, Guinther made another "Kingdom of God" sign (*Id.*). Guinther's new "Kingdom of God" sign replaced his prior sign (*Id.*). The record before the Court

[1] Based upon Guinther's deposition testimony, the Recommendation described Guinther as a non-denominational Christian (Dkt. No. 80, at 3; *see* Dkt. No. 58-1, at 19–21). To the extent that the Court has mischaracterized Guinther's religious beliefs, the Court clarifies that Guinther maintains that he is not a non-denominational Christian; rather, Guinther's religious practice is as one of "Yahweh's elect." (Dkt. No. 85, ¶¶ 5–6).

is silent regarding the duration between when Guinther's first "Kingdom of God" sign was removed and when Guinther put up his replacement sign.

## II. Objections

The Court has reviewed Guinther's Objections and categorizes them into three primary objections. First, Guinther argues that ADC Defendants' motion for summary judgment should be denied because it was not timely (Dkt. Nos. 83, ¶¶ 28, 29, 44, 46, 47, 50, 51; 90). Second, Guinther argues that the Recommendation errs by applying inconsistent legal standards for claims under RLUIPA (Dkt. No. 84, ¶¶ 3, 8–10). Third, Guinter argues that, because the sincerity of his religious beliefs is uncontested and he has established that his religious exercise has been substantially burdened, ADC Defendants now have the burden to demonstrate that their restriction is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest (*Id.*, ¶¶ 5, 20–29).

### A. Timeliness Objection

Guinther's first objection is that ADC Defendants' motion for summary judgment was not timely (Dkt. Nos. 83, ¶¶ 28, 29, 44, 46, 47, 50, 51; 90). On June 6, 2025, Judge Volpe's Order set a dispositive motion deadline for September 1, 2025 (Dkt. No. 55). Judge Volpe noted that "there will be no more extensions granted." (*Id.*). On September 2, 2025, ADC Defendants filed their motion for summary judgment and brief in support (Dkt. Nos. 58; 59). Guinther argues that, because the motion was filed on September 2, 2025, it exceeded the deadline that Judge Volpe set. Guinther also phrases the substance of this objection as a motion to strike (Dkt. Nos. 90; 95). ADC Defendants respond to timeliness arguments and state that September 1, 2025, was a Sunday (Dkt. No. 94). However, the Court takes judicial notice of the fact that September 1, 2025, was a Monday.

The Court overrules Guinther's objection and denies his motion to strike (Dkt. Nos. 90; 95). Guinther is correct that the deadline was set for September 1, 2025. Normally, that deadline would determine the timeliness of the dispositive motion. However, Monday, September 1, 2025, was the legal holiday of Labor Day. Under Federal Rule of Civil Procedure 6(a)(1)(C), when the last day of a period to file is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Here, the dispositive motion deadline fell on a legal holiday, September 1, 2025. The dispositive motion deadline therefore moved to the next eligible day, September 2, 2025.

**B. Legal Standard Objection**

Guinther also argues that the Recommendation applied the wrong legal standard to his case (Dkt. No. 84, ¶¶ 3, 8–10). Guinther cites Judge Volpe's Partial Recommended Disposition in *Holt v. Wallace*, Case No. 4:22-cv-1132 (E.D. Ark Aug. 30, 2024) (Dkt. No. 116). Guinther argues that in the *Holt v. Wallace* Partial Recommended Disposition, Judge Volpe found that Holt had sufficiently pled a substantial burden on his religious belief (Dkt. No. 84, ¶¶ 8–10).

The Court finds that Judge Volpe's Partial Recommended Disposition in *Holt v. Wallace* does not mean that Guinther met his burden to establish that his sincerely held religious belief was substantially burdened at summary judgment. The critical difference is between the posture of the case. In *Holt v. Wallace*, Judge Volpe analyzed Holt's RLUIPA claim at the motion to dismiss stage. Case No. 4:22-cv-1132 (Dkt. No. 116, at 14–15) (Aug. 30, 2024). The motion to dismiss standard relates to the sufficiency of pleadings. Here, Judge Volpe's Recommendation analyzes Guinther's RLUIPA claim at summary judgment, where the standard of review differs (Dkt. No. 80). When confronted with arguments regarding the sufficiency of pleading in this case, Judge Volpe found, and this Court adopted, that Guinther sufficiently plead RLUIPA claims. However,

sufficiently pleading a claim such that it survives a motion to dismiss does not establish that a claim survives a motion for summary judgment.

### C. Substantial Burden

Guinther argues that, under RLUIPA's burden shifting framework, the burden should shift to the government because the sincerity of Guinther's religious beliefs is uncontested and because Guinther has established that his religious exercise has been substantially burdened (Dkt. No. 84, ¶¶ 5, 20–29). Guinther argues that ADC Defendants now have the burden to demonstrate that their restriction is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest (*Id.*). Judge Volpe concludes that, while Guinther's religious belief is sincere, Guinther fails to present evidence that the July 2022 and May 2024 seizures substantially burden his sincerely held religious belief. As such, the Recommendation does not address burden shifting.

RLUIPA broadly defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The Eighth Circuit explains:

> We have held, largely consistent with our First Amendment cases, that to demonstrate a substantial burden on the exercise of religion, a government policy or action "must significantly inhibit or constrain [religious] conduct or [religious] expression . . .; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion."

*Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir. 2009) (quoting *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 813 & n.7 (8th Cir.2008) (internal quotations omitted)); *see Holt v. Payne*, 170 F.4th 1154, 1158 (8th Cir. 2026) (articulating the same legal standard).

**1. 2022 Seizure**

As it relates to the 2022 seizure of Guinther's unspecified religious materials, Guinther fails to present record evidence that the July 2022 event substantially burdened his religious exercise. Guinther argues that the religious texts seized in July 2022 are "crucial" to his "way of life" and that there is no substitute available, but Guinther has not explained with any level of specificity or with citation to record evidence why that is (Dkt. No. 84, at 15). *See Van Wyhe v. Reisch*, 581 F.3d 639, 657 (8th Cir. 2009). The Court does not know what the religious materials are or how having access—albeit limited access—substantially burdens Guinther's religious exercise.

Critically, the record before the Court reflects that Guinther has not requested that ADC Defendants provide him with the unspecified religious materials through the swap out program for his property. While Guinther has repeatedly requested legal materials from the storage locker, he has not asked to swap out papers to gain access to the unspecified religious materials that are the subject of this suit. The Court cannot, on the record before it, find that Guinther's religious exercise is substantially burdened when Guinther has made no requests to access the materials that he argues are critical to his religious practice. *See Holt v. Payne*, 170 F.4th at 1158 (rejecting RLUIPA claim at summary judgment when plaintiff, a practicing Muslim, voluntarily chose not to eat breakfast during Ramadan but could have eaten breakfast before dawn without violating his religious practice). Based upon Guinther's failure to explain how his limited access to religious materials and failure to seek access to those materials through the swap out program substantially burdened his religious exercise, the Court adopts the Recommendation with respect to whether the 2022 seizure substantially burdened Guinther's religious exercise and finds that, on the record

evidence before it, that no reasonable jury could conclude on the record evidence that the July 2022 seizure substantially burdened Guinther's religious exercise.

**2. May 2024 Sign Removal**

The Court understands Guinther's Objections and response to ADC Defendants' motion for summary judgment to argue that the May 2024 sign removal substantially burdened his religious exercise (Dkt. Nos. 72, at 8–12; 84, at 13–18). The Court determines that, on the record evidence before it, Guinther fails to establish that the removal of his sign substantially burdened his religious exercise.

The Court understands Guinther to maintain that it is fundamental to Guinther's religious belief that he have the opportunity to engage in teaching people about the Kingdom of God. During Guinther's deposition, he was asked, "What do you do to practice your faith?" to which he responded, "Teach people about the Kingdom of God." (Dkt. No. 58-1, at 21). At no point during Guinther's deposition did he maintain that his religious practice requires a sign that says, "Kingdom of God." The Court determines that Guinther's sincerely held belief is that Guinther attempts to teach people about the Kingdom of God.

While Guinther's objections frame the Kingdom of God sign as his religious practice, the record evidence before the Court reflects that Guinther's sincerely held religious belief is to teach people about the Kingdom of God (*Compare* Dkt. No. 84, at 14 *with* Dkt. No. 58-1, at 21). Accordingly, a substantial burden on Guinther's sincerely held religious beliefs would be to deny Guinther the opportunity to attempt to teach people about the Kingdom of God. However, as Judge Volpe explains in the Recommendation, there is no record evidence that ADC Defendants prevented Guinther from having conversations about his religious beliefs with others or attempting to teach people about the Kingdom of God. Even if Guinther's Kingdom of God sign served as a

catalyst to effectuating Guinther's sincerely held religious belief, no reasonable juror could conclude on the record evidence before the Court that the removal of that sign substantially burdened that core religious belief.

**III. Individual Capacity Claims**

The Court also adopts the Recommendation with respect to Guinther's individual capacity RLUIPA claims. The Supreme Court's decision in *Landor v. Louisiana Department of Corrections* forecloses money damages against defendants in their individual capacities. 609 U.S. ___ (2026). In *Landor*, the Supreme Court held that a RLUIPA plaintiff is not permitted to bring a suit for damages against officers in their individual capacities because those officers did not contract with the federal government. 609 U.S. ___ (2026). Accordingly, assuming that Guinther's religious belief was substantially burdened and that he could prevail at the burden shifting stage, Guinther cannot seek monetary damages against the officers in their individual capacities for their past conduct.

**IV. Motion For Reconsideration**

On June 5, 2026, the Court adopted, in its entirety, Judge Volpe's Partial Recommended Disposition and dismissed without prejudice Guinther's First Amendment, Fourteenth Amendment Due Process, Eighth Amendment, and ADA claims consistent with the terms of the Partial Recommended Disposition (Dkt. No. 87; *see* Dkt. No. 20). For the reasons explained in the Court's Order adopting the Partial Recommended Disposition and overruling Guinther's objections to the Partial Recommended Disposition, the Court denies Guinther's motion (Dkt. No. 89).

To the extent Guinther seeks to bring his First Amendment, Fourteenth Amendment Due Process, Eighth Amendment, and ADA claims back into this suit, the Court denies Guinther's

motion. If Guinther wishes to proceed on those claims, Guinther must either appeal the dismissal of *Guinther v. Priofiri*, Case No. 4:23-cv-00822-BRW-JTK (E.D. Ark.) ("*Guinther I*"), or pay the filing fee in full in a new suit (*see* Dkt. Nos. 87; 20). The Court also repeats the caution from the Partial Recommended Disposition that, because the Court denied him permission in *Guinther I* to amend his complaint after it was dismissed, Guinther may be barred from proceeding with all or some of his claims even if he pays the filing fee in full (Dkt. No. 20, at 4).

**V. Conclusion**

For the foregoing reasons and after careful consideration of the Recommendation and the Objections, and after a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects as supplemented by this Order. The Court grants defendants' motion for summary judgment (Dkt. No. 58). Guinther's claims against defendants Maurice Culclager, Brandeisjha Burnett, Tryaneka Sims, Jordan Slayden, William Straughn, and James Shipman are dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from this Order and Judgment would not be taken in good faith. The Court denies Guinther's motion for reconsideration and motions to strike (Dkt. Nos. 89; 90; 95).

It is so ordered this 21st day of September, 2026.

Kristine G. Baker
Kristine G. Baker
Chief United States District Judge